**BURCH & CRACCHIOLO, P.A.**
702 E. OSBORN ROAD, SUITE 200
PHOENIX, AZ 85014
TELEPHONE 602.274.7611

John D. Curtis II, SBA #019726
jcurtis@bcattorneys.com
Matthew J. Skelly, SBA #033407
mskelly@bcattorneys.com

*Attorneys for Joshua Ortega, Suzanne Beattie, and Ralph Ortega*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSHUA R. ORTEGA, SUZANNE C. BEATTIE, and RALPH I. ORTEGA, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** |

Plaintiffs Joshua Ortega, Suzanne Beattie, and Ralph Ortega allege as follows:

## NATURE OF ACTION

1. Plaintiffs, as statutory beneficiaries under Arizona law, bring this civil action for the wrongful death of Sonia Ortega against defendant the United States of America ("USA")

2. Plaintiffs are the son and parents respectively of Sonia Ortega, who died after being detained by Navajo Tribal Police in Kayenta, Arizona.

3. Sonia was traveling from her home in Las Vegas, Nevada through the Navajo Nation on her way to visit her family in New Mexico.

4. Sonia had a stroke, which the Navajo Tribal police officers erroneously determined was alcohol intoxication.

5. Rather than call for medical assistance or take her to a nearby hospital, the Navajo Tribal police officers ordered Sonia to stay the night at an adjacent hotel.

6. Sonia was ordered by the Navajo Tribal police officers who detained her to leave her car keys at the front desk and not to leave until the following morning.

7. Sonia was found dead the following morning in the hotel room where she was detained.

8. An autopsy established that Sonia had no alcohol in her system.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b)(1), as Plaintiffs' claims arise out of the negligent or wrongful acts or omissions of employees of the USA while acting within the course and scope of their employment.

10. Plaintiffs each filed separate Form 95s setting forth the basis for their claims against the USA with the Office of General Counsel, General Law Division, Claims Office on April 5, 2018.

11. More than 180 days have elapsed since the filing of the Form 95s and no action has been taken by the USA since the filings.

12. Plaintiffs have exhausted their administrative remedies as required by the Federal Tort Claims Act ("FTCA") as a prerequisite to bringing the present suit.

13. Venue is appropriate pursuant to 28 U.S.C. § 1402(b), as a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## PARTIES

14. Plaintiff Joshua R. Ortega is the son of decedent Sonia Ortega.

15. Plaintiff Suzanne C. Beattie is the mother of decedent Sonia Ortega.

16. Plaintiff Ralph I. Ortega is the father of decedent Sonia Ortega.

17. Sonia Ortega, the decedent whose death is the subject of this matter, was 55 years old at the time of her death on November 24, 2017.

18. Defendant USA is sued as the employer of the Navajo Nation tribal officers who detained Sonia.

19. The Navajo Nation tribal police department is funded, at least in part, through a contract with the USA authorized by the Indian Self-Determination Education Assistance Act, 25 U.S.C. §2301 *et seq*.

20. The tribal police who detained Sonia were acting in the course and scope of their employment with the USA.

## FACTUAL ALLEGATIONS

21. On November 23, 2017, Sonia Ortega was driving from her home in Las Vegas, Nevada to visit her family in New Mexico for the Thanksgiving holiday.

22. At approximately 8 p.m., while traveling through the Navajo Nation, Sonia was found wandering about a gas station parking lot in Kayenta, Arizona.

23. Local tribal police responded to the gas station.

24. Although apparently not arrested, Sonia was taken into custody and brought to the nearby Kayenta Monument Valley Inn in Kayenta, Arizona.

25. The tribal police officers also brought Sonia's car to the hotel.

26. The tribal police officers ordered Sonia to check into the hotel and remain there until the following morning.

27. The hotel clerk was given Sonia's car keys and instructed not to allow Sonia to leave until the following morning.

28. The tribal police officers then escorted Sonia to her hotel room and left her sitting in a chair in the room.

29. When Sonia did not arrive at her destination, her family began frantically trying to locate her.

30. Early the following morning, Sonia's brother, Christopher Ortega, began driving from New Mexico in hopes of locating Sonia.

31. Sonia's son Joshua, who is an officer with the Nevada Highway Patrol, accessed Sonia's credit card information and located a charge at the Kayenta Monument Valley Inn.

32. Joshua informed Christopher of the charge and since Christopher was near Kayenta, he made his way there.

33. Before Christopher arrived, Joshua contacted the front desk at the Kayenta Monument Valley Inn and learned that Sonia had indeed checked in the previous evening.

34. Joshua asked to be put through to Sonia's room, but no one answered. He then asked hotel staff to attempt to contact her.

35. Hotel staff subsequently entered Sonia's room and found her dead in the same chair where the tribal police officers had left her the previous evening.

36. The bed in the hotel room had not been slept in and there was no indication that she had moved from the chair.

37. By the time Christopher was allowed into the hotel room, Sonia had been placed in a body bag.

38. The subsequent autopsy indicated that Sonia had died of a stroke.

39. The toxicology report indicated that Sonia had no alcohol in her system.

40. Sonia was a bartender in Las Vegas and always carried cash, especially when she was travelling.

4

41. An inventory of Sonia's property by the tribal police did not indicate any cash in Sonia's possession.

42. A tribal police report for the time period following Sonia's death was provided to Sonia's family.

43. No tribal police report was provided to Sonia's family regarding her interactions with tribal police on the night of November 23, 2017.

44. Upon information and belief, tribal police officers did not create a report of their interactions with Sonia on the night of November 23, 2017.

45. Had the tribal police officers acted in conformance with the applicable standard of care, Sonia would have received timely medical treatment.

46. Based on her condition, as evidenced in the hotel surveillance video, Sonia would have survived and likely suffered minimal, if any, permanent injury had the tribal police followed standard protocol.

47. The Kayenta Health Center is minutes away from the area where the tribal police detained Sonia.

**COUNT I**
**WRONGFUL DEATH**

48. Plaintiffs repeat and incorporate by reference the allegations set forth above as though fully set forth herein.

49. The Navajo Nation tribal police officers who detained Sonia had a duty to exercise reasonable care and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by police officers.

50. One or more of the Navajo Nation tribal police officers involved in Sonia's detention on the night of November 23, 2017 breached their duty of reasonable care by, but not limited to:

   a. Failing to provide prompt medical attention to Sonia;

b. Failing to request medical personnel come to the scene of the detention to evaluate Sonia;

c. Failing to deliver Sonia to a hospital for treatment;

d. Failing to deliver Sonia to a police station where she would have been medically evaluated;

e. Failing to document their interactions with Sonia on November 23, 2017;

f. Detaining her at a private hotel against her will; and

g. Stealing money from Sonia while she was detained and incapacitated.

51. As a direct and proximate result of the negligence of defendant USA and its employees, Sonia died.

52. The USA's negligence resulted in harm to Plaintiffs in an amount to be proved at trial.

*WHEREFORE*, Plaintiffs requests that this Court:

A. Award Plaintiffs compensatory damages in an amount to be proved at trial;

B. Award taxable costs; and

C. For such other and further relief as this Court deems just and proper.

DATED this 5th day of October, 2018.

**BURCH & CRACCHIOLO, P.A.**

By */s/ John D. Curtis II*
John D. Curtis
Matthew J. Skelly
702 E. Osborn Road, Suite 200
Phoenix, AZ 85014
*Attorneys for Plaintiffs*